In re   Homer BAZEN, d/b/a Kingsburg Grain and Equipment and Jessine P. Bazen, Bankrupts.

**FIRST SOUTH LEASING COMPANY, Plaintiff,**

**v.**

**Samuel J. ABRAMS, Trustee, Defendant.**

**Nos. 75–595, 75–596.**

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 5, 1977.

John L. McGowan, Florence, S. C., for Homer Bazen.

Donald H. Stubbs, Columbia, S. C., for First South Leasing Co.

Philip Wittenberg, Sumter, S. C., for defendant.

### ORDER

CHAPMAN, District Judge.

This is an appeal from the Order of the Bankruptcy Court filed on August 18, 1976.[1] There it was ordered that the trustee for

1.  The plaintiff has moved to dismiss the appeal on the grounds that the designation of the record and issues on appeal were not timely filed with the referee or served on the plaintiff-

the bankrupt turn over the equipment at issue—a four wheel front end loader and a truck with a concrete mixer attached—to the plaintiff-lessor. The Court based its decision on a finding that South Carolina's Bailment Statute, S.C.Code § 57–308 was not repealed by the Uniform Commercial Code's General Repealer, S.C.Code § 10.10–103, and that the plaintiff met the filing requirements of Part 4 of Article 9 and therefore holds title to the equipment at issue superior to that given the trustee by § 70 of the Bankruptcy Act.

Section 57–308 of the South Carolina Code of Laws (1962), as amended, provides that:

> Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and *recorded in the manner provided by law for the recording of mortgages.* (emphasis added)

The words italicized above refer to the recordation of chattel mortgages as provided in § 60–101 *et seq.*—in the Chattel Mortgage Book in the office of the Clerk of Court. However, since the UCC abolished all the various terms used to describe various security interests including chattel mortgages, those sections were repealed in 1966 to the extent that they provide for recordation of chattel mortgages. S.C.Code § 10.10–103 (1966). Since the effective date

of the UCC, January 1, 1968, the provisions of Article 9 of the UCC govern the recordation of a security interest in chattels. The facts of the present case, however, present an unusual dilemma. Article 9 of the UCC excludes from its coverage a true lease agreement, § 10.9–102(2), since it does not create a security interest. Section 10.1–201(37). Both parties admit that the instruments in question are true leases.[2] Anomalously, a lessor is thrown back against the words of § 57–308 requiring the recordation of that lease in a manner which has been altered by the UCC while the latter at the same time excludes a true lease from *its* filing requirements.

The Bankruptcy Court, finding no case law to resolve this dilemma, relied upon an opinion of the South Carolina Attorney General's Office which stated that § 57–308 was not inconsistent with any provision of the UCC in view of the meshing of state policies and those behind the uniform law and therefore that it was not repealed.

> The purpose of [§ 57–308] is to give notice to creditors of the lessee that the lessee does not own the property. This was to be done just as if the lease were a chattel mortgage. This policy can be continued under the present law only by filing a financing statement pursuant to Article 9, just as if a lease were a chattel mortgage. It should always be noted in Item 4 of UCC Form 1 that the agreement which the statement covers is a lease. It is the opinion of this office that such a procedure is the proper method of complying with § 57–308. 1970–71 Op. Atty.Gen., No. 3201 at 182 (Oct. 18, 1971).

---

appellee pursuant to Rule 806, Rules of Bankruptcy Procedure.

Rule 806 provides that:

Within 10 days after filing the notice of appeal the appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on appeal.

Appellant, in his reply to the motion, states that the combined effects of a Trial Lawyers conference, a trial in State Court and the intervention of the Labor Day holidays resulted in a delay of a day longer than the rule contemplates; and that particularly in this instance,

where the appellant is acting as a trustee for the interests of numerous creditors, the motion to dismiss the appeal should be denied.

While not countenancing less than strict compliance with Rule 806, under the specific circumstances of this case the operation of Rule 806 is suspended pursuant to Rule 814 and the appeal is considered on its merits. *See In re Wilson,* 390 F.Supp. 1121, 1122 (D.Kan. 1975): "Rule 806 was intended to promote efficiency in the appeals process, it was not intended as a trap for the unwary litigant."

2. *See* Transcript of Testimony at 29, 34.

This is an approach not inconsistent with the intent of the Uniform Commercial Code. A similar dilemma prompted Professor Gilmore, a draftor of Article 9, to state that "No nationally uniform statute could provide for a 'real estate filing' of fixture interest which would mesh with the existing patterns of local diversity . . . the mechanics of the filing must be adapted to the local system." 2 Gilmore, Security Interests and Personal Property at 818.

The plaintiff has complied with the UCC filing procedure as required by this construction of South Carolina Code § 57–308: The motor vehicle is titled in the name of the plaintiff as required by § 10.9–302 and financing statements covering the loader and the truck were filed with the Secretary of State in compliance with § 10.9–401. Thus, as noted by the Bankruptcy Court, "These acts of filing are in keeping with the purpose of Article 9 and the Bailment Statute to give subsequent purchasers, or creditors, notice of ownership of the personal property which may become the subject of [a] sale or security transaction." Order of Bankruptcy Court at 3.

Accordingly, the Order of the Bankruptcy Court of August 18, 1976 is hereby affirmed.

AND IT IS SO ORDERED.